Filed 7/16/24  Frank v. Myrick CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DORIS FRANK,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NANCY MYRICK,<br><br>    Defendant and Appellant. | D082789<br><br><br><br>(Super. Ct. No.<br>  37-2023-00006094-CU-HR-EC) |

APPEAL from an order of the Superior Court of San Diego County, Peter A. Lynch, Judge.  Affirmed.

Law Office of Keith H. Rutman and Keith H. Rutman for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Nancy Myrick appeals from a civil harassment restraining order under Code of Civil Procedure[1] section 527.6, which protects her neighbor, Doris Frank.  Myrick contends:  (1) The evidence did not show a continuous course of conduct; (2) the evidence showed that her words were protected speech

_____

[1]    Undesignated statutory references are to the Code of Civil Procedure.

under the First Amendment of the Federal Constitution; and (3) the evidence did not show that her behavior was likely to be repeated absent a restraining order. Frank has not filed a respondent's brief.[2] We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2023, Frank filed a request for a civil harassment restraining order against Myrick. She declared under penalty of perjury: "On February 10, 2023, I was in my driveway cleaning and respondent started pouring weed killer onto my plants on my property. I asked her what she was doing and respondent starting [*sic*] using obscene language, 'fuck you,' 'shut up cunt,' 'back up' and, 'fuck off.' I told her that all the neighbors were watching her scream and be violent and she proceeded to say, 'I'll do whatever the fuck I want' and 'you're an immigrant.' I told her that I have sons in the military and she didn't care and kept verbally harassing me. [¶] About [three] months ago, I was in my driveway talking to my other neighbor . . . when respondent approached us. She was saying things like 'fuck you', 'shut up cunt,' 'back up' and 'fuck off.' She was repeatedly talking about my legal status and that I am an immigrant. My neighbor was telling her to calm down, but she kept cussing at us. [¶] I have been dealing with respondent's harassment for years. It has been escalating after every encounter. I am in fear of my life and I fear that she will try to physically harm me. I am asking for this restraining order to protect myself from

---

[2] Notwithstanding Frank's nonappearance, we still must adjudicate the merits of Myrick's appeal. (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233 ["if the respondent fails to file a brief, the judgment [or order] is not automatically reversed"]; *In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 111, fn. 1.)

2

respondent and not have any further altercations." (Some capitalization omitted.) Frank submitted video recordings of her interactions with Myrick.[3]

Myrick opposed the request for a restraining order on grounds she did not trespass on Frank's property. She also argued her conduct did not meet section 527.6, subdivision (a)(3)'s definition of harassment; specifically, she maintained a single incident does not constitute a course of conduct, and she made no credible threat of violence. Myrick also disclaimed that the complained-of conduct was "a knowing and willful statement or course of conduct that seriously alarms, annoys or harasses [Frank]."

At a July 17, 2023 evidentiary hearing, five witnesses, including Frank and Myrick, testified. Thereafter, the court issued a one-year civil harassment restraining order directing Myrick not to contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, send any messages to, follow, or stalk Frank, and not to destroy Frank's personal property.

DISCUSSION

Section 527.6, subdivision (a)(1) provides, "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section." The statute defines harassment as not just unlawful violence, or a credible threat of violence, but also "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) The statute defines a " '[c]ourse of conduct' " as "a pattern of conduct composed of

---

[3] This court by separate order granted Myrick's request for judicial notice of the video recordings introduced into evidence. In one recording, Myrick walked on Frank's driveway and shouted at her the expletives set forth above. Frank spoke politely to Myrick during the recorded interactions.

a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means." (§ 527.6, subd. (b)(1).) "The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) "Constitutionally protected activity is not included within the meaning of 'course of conduct.' " (§ 527.6, subd. (b)(1).)

At the hearing on a petition for a civil harassment restraining order, the court "shall receive any testimony that is relevant, and may make an independent inquiry." (§ 527.6, subd. (i).) The trial court may issue a restraining order only after finding "by clear and convincing evidence" that unlawful harassment exists. (*Ibid*.)

We review a trial court's denial of a restraining order request under section 527.6 for abuse of discretion, and the court's factual findings (express and implied) for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7; *Salazar v. Eastin* (1995) 9 Cal.4th 836, 849-850.)

It is a fundamental principle of appellate review that this court will presume the trial court's order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484.) Additionally, as the appealing party, it is Myrick's burden to affirmatively show error. (*Denham*, at p. 566.) In doing so, she must provide an adequate record to establish that error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *LNSU #1, LLC v. Alta Del Mar Coastal Collection*

4

*Community Association* (2023) 94 Cal.App.5th 1050, 1070.) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

Appellants typically provide a reporter's transcript of oral proceedings on appeal, but if they do not or cannot, they may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.134, 8.137; see *Leslie v. Roe* (1974) 41 Cal.App.3d 104.) While a reporter's transcript "may not be necessary if the appeal involves legal issues requiring de novo review," when a case involves substantial evidence or abuse of discretion, "a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) And an appellant bears the burden to provide such a record if he or she " ' "intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ." ' " (*Ibid.*; *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5, citing Cal. Rules of Court, rule 8.120(b)[4].)

Myrick's three contentions require us to review the sufficiency of the evidence presented at trial to support the court's grant of the restraining order. However, based on the above review standards, Myrick has not met her burden to demonstrate error with an adequate record. We have reviewed the video recordings, including one that captures Myrick walking on Frank's driveway and shouting obscenities at her, while Frank responded politely to Myrick. Even Myrick concedes in her opening brief that the language she used was possibly "unladylike . . . crude, embarrassing, and annoying," while

---

[4]    California Rules of Court, rule 8.120(b) provides: "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

insisting she was exercising her First Amendment rights.  She also adds, "Further, it was her constitutional right to express her opinion on . . . Frank's immigration status or to express her anger by using the F[-]word as she did." (Some capitalization omitted.)  But we recognize the videos are only one part of the total evidence presented at trial.  Absent a reporter's transcript or suitable alternative documenting the various witnesses' testimony, we cannot review Myrick's claims of error and must presume the court's order is correct.

## DISPOSITION

The civil harassment restraining order is affirmed.  No costs are awarded on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

6